Alexander L. LARSON, Relator,

v.

CLEANSOILS, INC. and Reliance Insurance Company,
Respondents.

No. C8–95–1966.

Supreme Court of Minnesota.

Jan. 12, 1996.

James G. VanderLinden, Minneapolis, for appellant.

John T. Thul, Minneapolis, for respondents.

OPINION

COYNE, Justice.

Certiorari on the relation of employee, Alexander L. Larson, to review a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's determination that the value of lodging should be included in the wage basis calculation. We reverse and reinstate the decision of the compensation judge.

On September 13, 1993, the employee was hired as a laborer for CleanSoils, Inc., a Minnesota corporation engaged in the business of soil remediation. Within a week or so of being hired, he was sent to a job site in Clifford, Wisconsin. There, the employer had a contract to clean contaminated soil, where gasoline had seeped into the ground from an old service station. While in Clifford, the employee worked 12–hour shifts, 5–7 days per week. He received his base wage of $7.50 an hour, overtime pay, $20 a day for meals, and lodging at a motel close to the job site. As with other remote-site projects, in order to take advantage of group rates and durational discounts, in this case the employer reserved a block of rooms at the motel for its employees and paid the bill directly to the motel.

On October 20, 1993, the last day of the remote-site cleanup, the employee's left arm was traumatically amputated above the elbow when it became caught in some machinery. The arm was reattached within a short time of the accident. The employer and its workers' compensation liability insurer, Reliance Insurance Company, admitted liability and commenced payment of wage loss benefits. Subsequently, a dispute arose over whether the value of the lodging should be included in the wage basis calculation. The compensation judge found that the employee received lodging in consideration for his work in Wis-

consin, and computed the lodging at its value to the employee. On appeal, the WCCA reversed, concluding that the "lodging expenses were in the nature of a direct expense paid by the employer rather than a part of the compensation paid to the employee." *Larson v. CleanSoils, Inc.*, \_\_\_ Workers' Comp. Dec. \_\_\_ slip op. at 3 (WCCA filed August 17, 1995). The WCCA said that "where the costs of the meals or lodging for employees who are required to travel away from their homes, either regularly or on occasional assignments on behalf of the employer, are paid by the employer as an expense of the business in the specific amount of the expense incurred, either by direct payment by the employer to the place of lodging, or by reimbursement of actual expense to the employee," such payments are not compensation and are excluded from the wage calculation. *Id.*, slip op. at 4.

Pursuant to Minn.Stat. § 176.011, "[w]here board or allowances other than tips and gratuities are made to an employee in addition to wages as part of the wage contract they are deemed a part of earnings and computed at their value to the employee." Minn.Stat. § 176.011, subd. 3 (1994). In *Cosgriff v. Duluth Firemen's Relief Ass'n*, 233 Minn. 233, 46 N.W.2d 250 (1951), we said that under a predecessor provision, expenses for lodging as well as board are deemed a part of the earnings and computed at their value to the employee. To be sure, the Workers' Compensation Act has undergone significant changes since *Cosgriff*, and the "daily wage" provision has been renumbered and revised since then, but the "board or allowances" part of the daily wage provision has remained essentially unchanged. That board or lodging may also be characterized as a business expense or the fact that an employee receives no monetary disbursement does not defeat the legislative directive that allowances for board and lodging made in consideration for work be included in the wage basis calculation. Here, the compensation judge properly included the lodging in the wage calculation.

Reversed and decision of compensation judge reinstated.

Employee is awarded $400 in attorney fees.